UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES F. DODD,<br><br>　　　　Defendant. | Case No. 20-cr-40038-JPG |

**MEMORANDUM AND ORDER**

　　This matter comes before the Court on defendant James F. Dodd's motion for release of *Brady* and *Giglio* material (Doc. 42). Dodd has been charged with threatening to murder Kurt Campbell, a federal law enforcement officer with the United States Fish and Wildlife Service, in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). In his pending motion, he seeks an order for the Government to examine the personnel files of all federal officers it intends to call as witnesses at trial, including but not limited to Campbell, and to identify and produce any impeaching material in those files. He further asks the Court to order the Government to produce the personnel files to him or to the Court for *in camera* inspection to ensure all impeaching evidence has been produced.

　　In response (Doc. 49), the Government argues that the order Dodd requests is unnecessary because it is well aware of its obligations under *Brady* and *Giglio*, and if it locates any such material, it will turn it over to the defense in time for it to be useful. In fact, the Government states it has already made substantial and complete disclosures that include *Brady* and *Giglio* material about which it knows and will continue to disclose such material if it is discovered.

　　Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150,

155 (1972), and their progeny, the Government has the duty to ensure that criminal trials are fair by disclosing evidence that is exculpatory or that impeaches a government witness. There is no doubt that a defendant is entitled to disclosure of all evidence that "would tend to exculpate" him, *Brady*, 373 U.S. at 88, and all evidence that casts doubt on the credibility of prosecution witnesses and is material to the outcome of the trial. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio*, 405 U.S. at 155; *see United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997). The Government must disclose not only evidence known to it, but it also "has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Evidence is material to the outcome of the trial if "its suppression undermines confidence in the outcome of the trial," *Bagley*, 473 U.S. at 678, because there is a "reasonable probability" that disclosure would bring about a different result at trial, *Kyles*, 514 U.S. at 434. *United States v. Kimoto*, 588 F.3d 464, 474 (7th Cir. 2009); *Hamilton*, 107 F.3d at 509. Any such material simply must be disclosed. However, "[t]he materiality standard is not met by '[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial. . . .'" *Hamilton*, 107 F.3d at 509 (quoting *United States v. Agurs*, 427 U.S. 97, 109-10 (1976)). *Brady*, *Giglio* and their progeny do not require disclosure of "every possible shred of evidence that could conceivably benefit the defendant." *Hamilton*, 107 F.3d at 509.

The Government has acknowledged its continuing obligations under *Brady*, *Giglio* and their progeny. It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady*, those assurances are sufficient. *See Strickler v. Greene*, 527 U.S. 263, 283 n. 23 (1999); *see, e.g.*, *United States v. Dean*, No. 09CR446, 2010 WL 706038, at

\*2 (N.D. Ill. Feb. 24, 2010), *aff'd sub nom. United States v. Daniels*, 803 F.3d 335 (7th Cir. 2015); *United States v. Alex*, 791 F. Supp. 723, 729 (N.D. Ill. 1992) ("First, to the extent that Alex's requests for information fall within the scope of *Brady*, the government's promise to comply with the dictates of *Brady* renders Alex's motion moot."); *United States v. Dominguez*, 131 F.R.D. 556, 559 (N.D. Ill. 1990) (Government's assurances of compliance with *Brady* and *Giglio* in response to discovery motions were sufficient).  In light of the Government's assurances in this case, any request for an order for the Government to comply with *Brady* and *Giglio* is moot.

To the extent Dodd asks the Court to review the personnel files in question *in camera* to ensure the Government has made all required disclosures, he has not made a sufficient showing to warrant such a review.  To obtain an *in camera* review, the defendant must "'at least make some plausible showing' that documents in the government's possession contain information 'both material and favorable to his defense.'" *United States v. Jumah*, 599 F.3d 799, 809-10 (7th Cir. 2010) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 58 n.15 (1987) (further internal quotations omitted)).  An *in camera* review "is the accepted procedure for resolving legitimate doubt about the existence of undisclosed material and one that balances the defendant's important need for access to potentially relevant material with the Government's valid interest in protecting confidential files and the integrity of pending investigations." *Jumah*, 599 F.3d at 810.  However, it is not appropriate where the defendant merely speculates that undisclosed impeachment evidence exists.  Here, Dodd has not made the showing necessary to obtain an *in camera* review.

For these reasons, the Court **DENIES** Dodd's motion (Doc. 42).  However, the Government is reminded that any doubt as to whether disclosure is required must be resolved in

3

favor of disclosure.  The Court further **EXCLUDES** under the Speedy Trial Act, 18 U.S.C.

§ 3161(h)(1)(D), (H), the period from June 24, 2021, when the motion was filed, up to and

including December 31, 2021, the thirtieth day after the Court took the motion under advisement.

*See Henderson v. United States*, 476 U.S. 321, 329-31 (1986).

**IT IS SO ORDERED.**
**DATED:  January 4, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
